No. 1003

STATE ex COLLETT v. TRUAX, Sec. of Agric.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1526.   Decided Sept. 18, 1926

568.   GAME LAWS—Where application for license is made under 1436 GC., it must be in good faith for propogation of fowl, domesticated or semi-domesticated, and preparation must have been made for raising birds of this character, otherwise refusal to issue license by secretary of agriculture will be sustained.

BY THE COURT.

A. S. Collett brought this action in mandamus against Charles Truax, secretary of agriculture, for the purpose of having issued to him a license under 1436 GC. to propogate ring-necked pheasants and other specie of birds.

It appeared from the application filed by Collett, and which was rejected, that he would permit the shooting of birds during the closed season. The controversy arose out of answers to certain questions in respect to the proposed use of the premises.

Collett claimed the right to kill by shooting the birds any season in the year, and that this right is given by 1436 GC. and is not taken away by the general game statute providing for a closed season. Truax denied this right. The Court of Appeals held:

1. The right of the state to regulate the hunting and killing of wild fowl is not seriously challenged by anyone.

2. In construing 1436 GC., the construction which would harmonize with the general purpose of the state as reflected in its legislation should be adopted and not the construction which would interfere and conflict with other statutes upon the same subject.

3. Reference is made in 1436 GC. to "domesticated English ring-necked or Mongolian or Chinese pheasant" so that it is clear that the Legislature intended that the land owner or lessee in order to obtain the benefit of a license, should make preparations as to be able to raise a bock of birds of a domesticated or semi-domesticated character in such relative numbers as would justify the granting of a license.

4. Collett, although the owner of a tract of land which is suitable for the propogation of pheasants and other birds, has made no preparations of any substantial character to domesticate his birds or to distinguish the same from any wild birds naturally found in forests.

5. The Deputy Game Warden upon investigation, found in his judgment that Collett de-

sired to provide a private hunting ground for himself and the license was refused on the ground that the application was not made in good faith under the statute.

6. Collett must show want of good faith or gross abuse of discretion on part of Truax in refusing to grant the license, in order to be entitled to the right of the writ of mandamus.

7. Since the evidence does not justify that finding, the petition of Collett is dismissed and writ refused.

Writ refused.

(Allread, Ferneding & Kunkle, JJ., concur.)
Attorneys—Matthews & Matthews for Collett; C. C. Crabbe and Arthur H. Wicks for Truax; all of Columbus.